Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATHAN G. RICHARDS,<br><br>　　　　　　　Defendant. | 2:22-CR-00052-TOR-4<br><br>United States' Sentencing Memorandum |

　　　　Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Sentencing Memorandum. The United States recommends the Court sentence the Defendant to credit for time served, a fine of $2,000, and a 3-year term of supervised release. The United States recommendation is a reasonable sentence that is no greater than necessary to meet the interests of federal sentencing principles. The United States' recommendation is also justified because it promotes consistency in sentencing based upon the Defendant's role in the offense and characteristics when compared to his co-Defendants.

United States' Sentencing Memorandum - 1

### I. Background

The United States relies on the facts provided in the plea agreement and the United States Probation Office's (USPO) Pre-Sentence Investigation Report (PSIR) and Addendum. (ECF Nos. 227, 241). The United States reserves the ability to present additional facts as necessary at the sentencing hearing to address any of the Court's concerns.

### II. Base Offense Level & Enhancements

The United States concurs with the USPO's calculation of an adjusted offense level of 8. ECF No. 241, ¶76. The United States further concurs the Defendant's Criminal History Category is a I. *Id*. Accordingly, the Defendant's advisory guideline range is properly calculated at 0 to 6 months. *Id.*

### III. Defendant's PSIR Objections

The parties did not file objections to the PSIR.

### IV. Departures

The United States does not seek a downward departure or variance.

### V. 18 U.S.C. § 3553(a)

When applying the 18 U.S.C. § 3553(a) factors, a sentence of credit for time served, a fine of $2,000, and three-years supervised release is appropriate. The United States submits, under the circumstances of this case, a sentence of three years supervised release is fair and no greater than necessary to satisfy the interests of federal sentencing principles.

a. Nature, Circumstances, and Seriousness of the Offense:

The nature and circumstances of this case warrant a punitive sentence. It is without a doubt the Defendant's acts were serious and egregious. The Defendant used his position to obtain a significant amount of military ammunition for his own personal use. The Defendant's actions undermined the good order and discipline of the force and seriously impacted the image of the United States Air Force to the public. The actions of the Defendant, and his co-Defendants, undermined the trust and

United States' Sentencing Memorandum - 2

confidence the taxpayers place in our servicemembers. In short, the Defendant's greed was not limited to simply impacting the ammunition stores of his unit but hurt the image and stature the United States Air Force as a whole in the eyes of the public. The Defendant's actions were not limited to himself. The Defendant personally distributed stolen ammunition to co-Defendant John Sanger and further influenced the continued break down in good order and discipline within the CATM. The nature, circumstances, and seriousness of this offense warrants a sentence of 18 months.

Accordingly, when considering the totality of the nature, circumstances, and seriousness of the Defendant's actions, a punitive sentence is reasonable and appropriate to reflect the gravity of the Defendant's criminal acts. However, this factor must be balanced against other factors that warrant the United States' recommended sentence of credit for time serve, a fine of $2,000, and three-years supervised release.

b. Characteristics and Criminal History of Defendant:

The Defendant has no criminal history aside from the current conviction. The Defendant also had previously served in the United States Air Forces until his arrest on these criminal offenses. As a result of this conviction, he has been administratively separated from the United States Air Force with an other than honorable characterization of service.

When comparing the Defendant's role in the offense to his co-Defendant's that have been sentenced, an appropriate sentence is credit for time served, a fine of $2,000, and three-years supervised release. The Defendant was a non-commission officer in the Air Force at the time of the offense. His position imposed an expectation of maintaining a high standard of discipline, which he failed to meet by his actions. Similarly, co-Defendant Shawn Robson was the senior non-commissioned officer in the Defendant's section, who also failed to meet the expectations of a non-commission officer. Mr. Robson cooperated with law enforcement. As a result of his cooperation, he received a sentence of time-served, 18

United States' Sentencing Memorandum - 3

months of supervised release, and a $4,000 fine.  On the other end of the spectrum was co-Defendant Jonah Pierce, who was less senior than the Defendant and was not distributing stolen ammunition to others.  Mr. Pierce received a sentence of time-served, 1 year of supervised release, and a $2,000 fine.  The United States submits the appropriate sentence for the Defendant falls between that of Mr. Pierce and Mr. Robson.  Accordingly, the United States submits a sentence of credit for time served, a fine of $2,000, and three-years supervised release is justified.

    c.  Public Safety and Deterrence:

Again, the United States notes a serious sentence that is reflective of the nature and egregiousness of the Defendant's actions is warrant.  However, due to the Defendant's lack of criminal history and his overall willingness to be compliant with law enforcement, this factor when considering these circumstances, weighs in favor of a sentence of credit for time served, a fine of $2,000, and three-years supervised release.

    d.  Rehabilitation and Programming:

A sentence of three years supervised release is further appropriate as it will provide the Defendant the ability to utilize resources for vocational training and treatment.

Dated:  November 2, 2023.

Vanessa R. Waldref
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum - 4

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Curran Dempsey
ccdempsey@hotmail.com

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum - 5